**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
UNITED STATES OF AMERICA,

          -against-

WILLIAM JACKSON,

                    Defendant.

-------------------------------------------------------X

         **MEMORANDUM OF**
         **DECISION AND ORDER**
         06-CR-0478 (ADS)

<u>**APPEARANCES:**</u>

**Loretta A. Lynch, United States Attorney**
**for the Eastern District of New York**
Attorneys for the United States
610 Federal Plaza
Central Islip, NY 11722
        By:  James G. McGovern, Assistant United States Attorney

**Tracey E. Gaffey**
**Federal Defenders of New York**
Attorneys for the Defendant
770 Federal Plaza
Central Islip, NY 11722

**SPATT, District Judge**.

        Presently before the Court is a motion by the Defendant William Jackson ("Jackson") for

a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  For the reasons that follow, the Court

finds that Jackson is ineligible for a sentence reduction and therefore his motion is denied.

## I.  BACKGROUND

        On May 4, 2007, pursuant to a plea agreement with the Government, Defendant William

Jackson pled guilty to a lesser-included offense of the single count indictment, which was

reduced to knowingly and intentionally conspiring to distribute and possess with intent to

distribute a controlled substance, which offense involved 5 grams or more of a substance

containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  The Pre-

Sentence Report ("PSR") filed by the probation department found a total drug quantity of 4.53 grams of cocaine base and 9.98 grams of cocaine, resulting in a base offense level of 24. In addition, the PSR noted that the Defendant was considered a career offender based on the nature of his prior convictions and hence his base offense level was increased to 34, pursuant to Guideline § 4B1.1(b).

On December 19, 2007, a sentencing hearing was held. Accepting the facts in the PSR, the Court determined, based upon the quantity of drugs involved in his offense, that Jackson had a base offense level of 24. The Court noted that the Defendant was a career offender with two prior felony drug convictions, and thus had a Criminal History Category of VI. Then, applying the career offender guidelines to Jackson's conviction of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (5 year mandatory minimum, 40 year maximum), the total offense level was raised to 34 pursuant to §4B1.1(b) (offense statutory maximum of 25 years or more). However, after a three-level reduction for acceptance of responsibility, and a one-level reduction for a global plea, the total offense level was calculated as 30.

Accordingly, the Court found that the applicable Guidelines sentencing range was 168 to 210 months, with a 60–month statutory minimum. After consideration of the 18 U.S.C. § 3553 factors, including the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law, this Court sentenced Jackson to a period of 120 months imprisonment followed by four years of supervised release — a non-guideline sentence that was 48 months below the minimum guidelines range.

Effective November 1, 2011, the United States Sentencing Commission ("Sentencing Commission") approved part A of Amendment 750, which altered the offense levels in § 2D1.1 of the U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines Manual") applicable to

crack cocaine offenses (the "Guidelines Amendment").  See U.S.S.G. §2D1.1 (2011).  In

addition, the Sentencing Commission gave this amendment retroactive application.  See U.S.S.G.

§ 1B1.10(c) (2011).  Relying on the Guidelines Amendment, Jackson now seeks a reduction in

his sentence.

The parties disagree as to whether Jackson is eligible for a sentence reduction.  Jackson

argues that although he "may have qualified as a career offender, his particular criminal history

severely overrepresented [sic] the seriousness of the offense and therefore did not warrant

designation."  (Mem. at 4.)  In addition, Jackson devotes most of his motion to describe the

commendable efforts he has made to rehabilitate himself while incarcerated, and he urges the

Court to take that into consideration when determining the present motion.  On the other hand,

the Government contends that because Jackson was sentenced as a career offender pursuant to

§ 4B1.1, he is ineligible for a sentence reduction, regardless of his post-sentence conduct.

Although Jackson's counsel was given permission to file a reply to the Government's response,

after reviewing the sentencing transcript as well as other documents in the record, she

determined not to file a reply.

## II.  DISCUSSION

### A.  <u>Relevant Law</u>

As a general rule, a federal court "may not modify a term of imprisonment once it has

been imposed".  18 U.S.C. § 3582(c); <u>Cortorreal v. United States</u>, 486 F.3d 742, 744 (2d Cir.

2007).  However, Congress has allowed an exception to that rule, providing in 18 U.S.C.

§ 3582(c)(2) that:

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission pursuant to 28 U.S.C.
> 994(o), . . . the court may reduce the term of imprisonment, after

considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The policy statement governing § 3582(c) proceedings is located in § 1B1.10 of the Guidelines Manual, and, effective November 1, 2011, gives retroactive effect to the Guidelines Amendments. See § 1B1.10(c).

In Dillon v. United States, --U.S.--, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010), the United States Supreme Court identified a two step-inquiry for courts to follow in adjudicating a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). At the first step, a court must determine whether the defendant is eligible for a sentence reduction. Dillon, 130 S. Ct. at 2691. If, and only if, the court finds that the defendant is eligible for a sentence reduction under § 3582(c) and § 1B1.10, "then the second step of the analytical framework set forth in Dillon requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case'". United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (quoting Dillon, 130 S. Ct. at 2692).

In order for a defendant to be eligible for a sentence reduction, the defendant's applicable guideline range must have been lowered by the Guidelines Amendment. See § 1B1.10(a)(1); see also United States v. Johnson, 633 F.3d 116, 117 (2d Cir. 2011). Whether a defendant's guideline range would be lowered under the Guidelines Amendment requires a court to "determine the amended guideline range that would have been applicable to the defendant if the [Guideline Amendment] had been in effect at the time the defendant was sentenced". § 1B1.10(b)(1). "In making such determination, the court shall substitute only the [Guideline Amendment] for the corresponding guideline provisions that were applied when the defendant

was sentenced and shall leave all other guideline application decisions unaffected." Id.

Application Note 1 to § 1B1.10 further clarifies that the applicable guideline range referenced in

§ 1B1.10 is "the guideline range that corresponds to the offense level and criminal history

category determined pursuant to § 1B1.1(a), which is determined before any departure provision

in the Guidelines Manual or any variance". § 1B1.10 Application Note 1(A).

**B. As to Whether the Defendant is Eligible for a Sentence Reduction**

The Defendant does not dispute that he was sentenced under the Career Offender

Guideline, U.S.S.G. § 4B1.1. Under this guideline, "if the offense level for a career offender

from the table in this subsection is greater than the offense level otherwise applicable, the offense

level from the table in this subsection shall apply." § 4B1.1(b). Thus, because the offense

statutory maximum for Jackson's crime at the time of sentencing was 25 years or more, his base

offense level increased from 24 to 34.

The Guidelines Amendment states that a court may reduce a defendant's term of

imprisonment if the guideline range applicable to that defendant has been lowered. However, the

Sentencing Commission has lowered the guideline sentencing range as set forth in the crack-

cocaine guidelines in § 2D1.1, not the career-offender guidelines in § 4B1.1. This Court relied

solely on the career-offender guidelines to determine Jackson's sentence. "[T]he drug-guideline

calculations had been made but, as here, were superseded by career-offender calculations and

played no role in the defendant's ultimate sentence." United States v. Dunbar, 660 F.3d 54, 57

(1st Cir. 2011). Thus, the "Offense Statutory Maximum" in § 4B1.1 on which career offender

sentences depend, and which form the basis of the Defendant's argument for resentencing, is not

the guidelines range addressed by the Guidelines Amendment. The Defendant does not explain

or offer any support for how the statutory maximum pursuant to 21 U.S.C. § 841 for his crime

that describe a 5 year mandatory minimum and 40 year maximum sentence, have been in any way altered by the Guidelines Amendment.

In addition, several federal courts, including the Second Circuit, have concluded that one sentenced as a career offender is not entitled to apply for resentencing based on a retroactive adjustment in the drug guidelines. See United States v. Martinez, 572 F.3d 82, 85 (2d Cir. 2009) ("[A] defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines."); United States v. Caraballo, 552 F.3d 6, 9–10 (1st Cir. 2008) (career-offender sentence not "based on" crack cocaine guideline); United States v. Wesson, 583 F.3d 728, 731 (9th Cir. 2009) (collecting cases across circuits); United States v. Figueroa, No. 06 Civ. 40007, 2012 WL 113546, at *2 (D. Mass. Jan. 12, 2012) ("defendants sentenced under the career-offender guideline are ineligible for sentence reductions resulting from the amended crack-cocaine guidelines.").

This conclusion is not altered by the fact that the Court imposed a non-guidelines sentence. See § 1B1.10 Application Note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guidelines range (i.e., the guidelines range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual *or any variance.*)") (emphasis added).

Therefore, "at least for purposes of a motion for a reduced sentence, the record discloses that defendant was sentenced as a career offender under U.S.S.G. § 4B1.1. Consequently, under settled case law in this Circuit, he is ineligible for a reduction in sentence based on the crack

cocaine amendments." <u>U.S. v. Mock</u>, 612 F.3d 133, 135 (2d Cir. 2010) (citing <u>United States v. Martinez</u>, 572 F.3d 82, 85–86 (2d Cir. 2009) (per curiam)).

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied.

**SO ORDERED.**
Dated: Central Islip, New York
May 8, 2012

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge